GRIFFIN, C.J.
Appellant seeks review of an order of the probate court determining certain real and personal property to be exempt from the claims of creditors.
The decedent, Donald M. Simpson, died testate on March 29, 1997, leaving an estate valued at $172,854.04, including homestead property valued at $145,000. The entire estate was bequeathed to the decedent’s only child, Terry A. Simpson, who was also appointed personal representative of the estate.
The appellant is Eleanor S. Simpson, the decedent’s ex-wife (and Terry Simpson’s mother). The nature of her claims against the estate are not significant for purposes of the appeal. The order on review concerns the lower court’s ruling on appellant’s objection to her son’s petition to determine exempt real and personal property. Most of the points raised on appeal do not merit discussion but we do find one error.
In dispute below was the question whether the decedent’s guns had been the subject of a gift to Terry, and, thus, were not part of the personal property of the estate. At the hearing, Terry testified:
And the third area is that my dad had basically—he had some hunting weapons, some shotguns and rifles that he had—he no longer hunted, and the previous August when he and I were out on a fishing trip, he said: Well, I’d like to just give these to you. And so, he had given them to me, but I had not picked them up. had not made arrangements to transport them from his house, and I did not do that until after his death.
We conclude that this testimony is insufficient to establish the gift. This statement was allegedly made by the decedent to his son while the two of them were on a fishing trip in Montana approximately seven months before the decedent’s death. The guns were located at the decedent’s home in Orlando where they apparently remained from the time of decedent’s return to his home after the Montana trip until he was hospitalized in March 1997. The decedent died on March 29, 1997. Apparently no action was taken concerning the guns prior to that time either by the elder or younger Simpson.
Appellee acknowledges that to establish an inter vivos gift, intent and delivery are necessary. Although there is equivocal evidence of intent, there is no evidence of delivery. Appellant urges that the guns “could have been” the subject of a “constructive” delivery but there is no evidence of constructive delivery. Accordingly, it was error to exclude the guns from the estate.
Additionally, appellant complains of the valuation placed on personal property for purposes of determining exemption from the claims of creditors. The lower court made no finding as to the measure of value he applied and the lower court’s valuation is supported by evidence in the record. The order is to be afforded the presumption of correctness.
AFFIRMED in part; REVERSED in part.
THOMAS, P., Associate Judge, concurs.
DAUKSCH, J., dissents, with opinion.